# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RAFAEL SERRANO
                Plaintiff,

vs.

CAROLYN W. COLVIN

               Defendant.

Case No.: 2:13-cv-01214-JAD-PAL

**Order and Judgment Affirming
Denial of Social Security Benefits**

**[ECF 12, 15, 23]**

Plaintiff Rafael Serrano filed an application for disability insurance on October 29, 2008, alleging he became disabled about two months earlier.  The Social Security Administration denied Serrano's application both when he initially filed it and on reconsideration.[1]  Administrative law judge Michael B. Kennett held a hearing in September 2011 and eventually ruled that Serrano is not disabled.[2]  Serrano's request to have the ALJ's decision reviewed was denied by the Appeals Council in May 2013.  The ALJ's decision therefore became the Commissioner's final decision.  Serrano now seeks judicial review of that decision and asks me to reverse it or remand his case back to the Commissioner for further proceedings.[3]  The Commissioner cross moves to affirm the ALJ's decision.[4]

I referred these cross motions to U.S. Magistrate Judge Peggy Leen for findings and recommendations.  After thoroughly evaluating the parties' arguments, Judge Leen recommends that I deny Serrano's motion and grant the Commissioner's cross-motion to affirm.[5]  Serrano objects.[6]

---

[1] Administrative Record ("AR") 82–85.

[2] AR 26–39, 52–81.

[3] ECF 12.

[4] ECF 15.

[5] ECF 23.

[6] ECF 24.

1   He argues that (1) the ALJ failed to properly evaluate the opinions of the consultative examiner and

2   (2) the ALJ failed to articulate clear and convincing reasons for discounting Serrano's subjective

3   testimony.  Having reviewed the record de novo, I agree with Judge Leen that the ALJ's decision

4   was supported by substantial evidence and was not based on legal error.  I thus adopt her findings

5   and recommendations, grant the Commissioner's motion to affirm, and deny Serrano's motion to

6   reverse.

7                                    **Discussion**

8          A U.S. magistrate judge may be designated to "conduct hearings . . . and to submit proposed

9   findings of fact and recommendations" regarding the disposition of motions before the court.[7]  A

10  party may file objections to these proposed findings and recommendations, which the district court

11  reviews de novo.[8]  The standard of review applied to the unobjected-to portions of the report and

12  recommendation is left to the district judge's discretion.[9]

13  **A.     Standard of Review: Substantial Evidence or Legal Error**

14         The district court's review of an ALJ's decision to deny benefits is limited to determining

15  whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the

16  appropriate legal standards; I may set the ALJ's determination aside only if the ALJ's finding is not

17  supported by substantial evidence or is based on legal error.[10]  "Substantial evidence means more

18  than a scintilla but less than a preponderance"; it is evidence that "a reasonable person might accept

19

20

---

21  [7] 28 U.S.C. § 636(b)(1)(B).

22  [8] 28 U.S.C. § 636(b)(1); *United States v. Berhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *Schmidt v.

23  Johnstone*, 263 F. Supp. 2d 1219, 1125 (D. Ariz. 2003) (quoting *United States v. Reyna-Tapia*, 328

24  F.3d 1114, 1122 (9th Cir. 2003) (finding that de novo review is required as to findings of fact and
    conclusions of law where parties object).

25  [9] 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (a

26  "district judge must review the magistrate judge's findings and recommendations de novo *if
    objection is made*, but not otherwise.") (emphasis in original).

27

28  [10] *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997); *Smolet v. Chater*, 80 F.3d 1273, 1279
    (9th Cir. 1996).

as adequate to support a conclusion."[11]  If the evidence is subject to more than one rational

interpretation, one of which supports the ALJ's decision, I must affirm.[12]  I have the authority to

enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

Security, with or without remanding the cause for a rehearing."[13]  I may also order the Commissioner

to collect additional evidence, "but only upon a showing that there is new evidence which is material

and that there is good cause for the failure to incorporate such evidence into the record in a prior

proceeding."[14]

Serrano is entitled to disability benefits under the Social Security Act if he (a) "suffers from a

medically determinable physical or mental impairment . . . that has lasted or can be expected to last

for a continuous period of not less than twelve months; and (b) the impairment renders the claimant

incapable of performing the work . . . [he] previously performed and incapable of performing any

other substantial gainful employment that exists in the national economy."[15]  If Serrano demonstrates

that he cannot perform his prior work, the burden shifts to the Commissioner to show that Serrano

can perform a significant number of other jobs that exist in the national economy.[16]

**B.     Substantial evidence supports the ALJ's determination that Serrano can perform
         unskilled work including that of a porter or an usher.**

Serrano contends that the ALJ improperly determined that he retains the mental capacity to

do unskilled work, which is work that requires "little to no judgment to do simple duties that can be

learned on the job in a short period of time."[17]  He points to testimony by Dr. Pastora Roldan that

---

[11] *Flaten v. Sect'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

[12] *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

[13] 42 U.S.C. § 405(g).

[14] *Id.*

[15] *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

[16] *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

[17] 20 C.F.R. § 404.1568(a) ("[W]e consider jobs unskilled if . . . a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed.").

shows, in Serrano's view, that unskilled work is beyond Serrano's mental reach.

Dr. Roldan is a state-agency-review psychologist who Serrano claims "was of the opinion that Serrano would be limited to very short and simple instructions."[18]  But the part of the administrative record Serrano cites[19] does not support his characterization of Dr. Roldan's report. Instead, it says that Serrano is "moderately limited" in (1) "the ability to understand and remember detailed instructions" and (2) "the ability to carry out detailed instructions."[20]  It also says that Serrano can maintain attention and concentration for long periods of time, sustain an ordinary routine without special supervision, and work "in coordination with or proximity to others without being distracted by them."[21]

Dr. Roldan's opinions are consistent with those of Dr. Maria Doncaster, a clinical psychologist who thoroughly examined Serrano on March 3, 2010, and found that, although he had a tough time trying to understand, remember, and carry out complex and detailed instructions, Serrano could understand, remember, and carry out simple ones.[22]   In addition, Dr. Doncaster found that Serrano could cooperate with authority figures, get along with peers, and interact appropriately with the general public.[23]

The ALJ therefore had substantial evidence to support his determination that Serrano can perform unskilled work like that of a porter—which is a job Serrano previously held—or, in the alternative, that of an usher.[24]  These jobs require a person to follow simple directions, cooperate

---

[18] ECF 24 at 4.

[19] *See* ECF 24 at 4.

[20] AR 330.

[21] *Id*.

[22] *Id.* at 314.

[23] *Id*. at 314–315.

[24] Additional support can be found in the testimony of the vocation expert, who testified that an individual with Serrano's age, education, work experience, and residual functional capacity could perform the work of a hotel porter.  AR 70–80.

1   with authority figures, get along with peers, and interact appropriately with the general public.  They

2   do not require anything Serrano cannot—according to the professionals who evaluated him—do.

3   Accordingly, I overrule Serrano's objection.

4   **C.      The ALJ articulated sufficient reasons to discount Serrano's subjective complaints**.

5           Serrano's second objection focuses on his subjective complaints.  He claims the ALJ failed to

6   articulate legally sufficient reasons for discounting those complaints and that Judge Leen improperly

7   concluded that the ALJ's credibility finding was free of legal error.[25]

8           The problem is Serrano does not cite any statement he made that, if fully credited by the ALJ,

9   would demonstrate that he is disabled.  Judge Leen noted this flaw in her Report and

10  Recommendation,[26] and Serrano concedes the point in his objections.[27]  He argues instead that "it is

11  clear from the four corners of the decision that the ALJ failed to articulate clear and convincing

12  reasons for discounting [] Serrano's subjective complaints."[28]

13          Among the reasons the ALJ gave for discounting Serrano's subjective complaints is that

14  "they were not supported by the objective medical signs and findings of the record as a whole."[29]

15  Serrano is correct that lack of objective medical evidence cannot be the sole basis for discounting

16  subjective complaints—but it can be a factor.[30]  Additional factors the ALJ considered include: how,

17  according to the report of Dr. Karl Fazekas, who is board certified in internal medicine, Serrano has

18  no physical limitations that would prevent him from engaging in past relevant work at the medium-

---

[25] *See* ECF 24 at 5.

[26] *See* ECF 23 at 19.

[27] *See* ECF 24 at 5.

[28] *Id.* at 6.

[29] AR at 38.

[30] *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). *Id*. ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.")

exertion level;[31]  how the state agency's "decisionmaker" determined that Serrano could occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, and sit, stand, or walk about 6 hours in an 8-hour day[32]; and how "Dr. Doncaster indicated that although [Serrano] is unable to carry out complex and detailed instructions on a sustained basis, his ability to follow simple instructions on a sustained basis was intact."[33]  Each of these add up to legally sufficient reasons for discounting plaintiff's credibility, particularly given that Serrano, as Judge Leen noted, "has not explained how his statements regarding his symptoms and limitations"[34]—if the ALJ had credited them as true—would establish his disability.  I therefore deny Serrano's motion to remand, overrule his objections, affirm Judge Leen's Report and Recommendation, and grant the Commissioner's cross-motion to affirm.

### Conclusion

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Leen's Report and Recommendation **[ECF 23] is ADOPTED**.  Plaintiff Rafael Serrano's Motion to Remand [**ECF 12**] **is DENIED**, his Objections to Magistrate Judge Leen's Report and Recommendation **[ECF 24] are OVERRULED**, and the Commissioner's Cross-Motion to Affirm **[ECF 15] is GRANTED.**  The Clerk of Court is instructed to **enter JUDGMENT in favor of the defendant** and **close this case**.

November 13, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[31] AR 40. *See also id* at 284.

[32] AR 39.

[33] AR at 40.

[34] ECF 23 at 21.